[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MEDICARE PAYMENTS AS COLLATERAL SOURCE
The court has reviewed the briefs, exhibits and selected cases provided by counsel. Oral argument was heard on September 20, 2002.
By way of background, the jury rendered a verdict on June 3, 2002 as follows:
Economic Damages $ 55,000
Non-economic Damages $250,000
Total $305,000
The plaintiff submitted an amended bill of costs totaling $7,020.41 on July 10, 2002. The costs were approved.
The parties agreed to a remittitur of $6,979.60 regarding economic damages, as per the plaintiffs Reply to the Defendant's Motion for Remittitur, of July 15, 2002.
The defendant now seeks an order of the court reducing the economic award of the jury by a further reduction for "collateral source" amounts "adjusted" or "written off" by treaters and hospitals. The parties have agreed at oral argument that the amount in question characterized as "write offs" totals $17,105.30 and the amount is associated with Medicare transactions. Per testimony provided to the court by a representative of a treating hospital, when dealing with Medicare, though a full bill would be submitted, the hospital was required to accept a lower payment as full satisfaction of the entire amount of a patient's bill. The patient was not responsible for paying the difference. At trial the full unadjusted bills were entered into evidence and considered by the jury.
Law
CT Page 12301
Connecticut General Statutes, Sections 52-225a and 52-22b govern the court's conduct. The question of whether amounts written off by health care providers qualify as collateral source payments under the statute was decided in Hecht v. Staskiewicz, (Conn.Super. February 20, 2002. (Arnold, J.) There, the court determined that "write offs" by medical providers are not collateral sources under the statute.
Fundamental principles of statutory construction preclude Medicare write offs as falling within the collateral source payment statute. In the absence of an applicable statute specifically addressing Medicare write offs, the common law applies. Our common law principle is that a tortfeasor may not benefit, and an injured plaintiff's tort recovery may not be diminished because of benefits received by the plaintiff from independent sources.
Conclusion
The Medicare write offs are not to be considered collateral source deductions from the plaintiffs preliminary judgment.
The Economic Damages of $55,000 are reduced by agreement of the parties with approval of the court by $6,979.60, leaving net economic damages totaling $48,020.40. The total verdict therefore is $298,020.40, plus costs of $7,020.41.
There are further calculations to be made based upon the plaintiffs offer of judgment and the court's earlier decision in the matter.
The plaintiff is ordered to prepare a final judgment order consistent with this decision and the court's earlier decision on interest calculation dated August 29, 2002.
So Ordered.
DOWNEY, JUDGE. CT Page 12302